FILED
CLERK, U.S. DISTRICT COURT
11/15/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ERICK OVED ESTRADA,<br>  aka "E,"<br>  aka "Franco Sanchez,"<br>  aka "Farnco Sanchez,"<br>  aka "Eric Freddy Hook,"<br>ARIAN ALANI,<br>  aka "Ari,"<br>TOMAS MARQUEZ-RUIZ,<br>  aka "El Cafecito,"<br>GILBERTO MARQUEZ,<br>  aka "Gil,"<br>  aka "G,"<br>CASEYA CHANEL BROWN,<br>  aka "Mom," and<br>ZOILA MICHELLE ESTRADA,<br>  aka "Zoila Michelle Marquez,"<br><br>       Defendants. | No. 2:23-cr-00564-MWF<br><br>**I N D I C T M E N T**<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Cocaine and Distribution of Fentanyl Resulting in Death; 18 U.S.C. § 1957: Transactional Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting; 21 U.S.C. § 853 and 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

//

//

COUNT ONE

[21 U.S.C. § 846]

[DEFENDANTS E. ESTRADA, MARQUEZ-RUIZ, G. MARQUEZ, and BROWN]

A. <u>OBJECTS OF THE CONSPIRACY</u>

Beginning on a date unknown and continuing until on or about June 10, 2022, in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, defendants ERICK OVED ESTRADA, also known as ("aka") "E," aka "Franco Sanchez," aka "Farnco Sanchez," aka "Eric Freddy Hook" ("E. ESTRADA"), TOMAS MARQUEZ-RUIZ, aka "El Cafecito" ("MARQUEZ-RUIZ"), GILBERTO MARQUEZ, aka "Gil," aka "G" ("G. MARQUEZ"), and CASEYA CHANEL BROWN, aka "Mom," conspired with each other and others known and unknown to the Grand Jury to knowingly and intentionally distribute the following controlled substances:

1. Cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C); and

2. Oxycodone, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

The distribution of said oxycodone that was an object of the conspiracy, but which in fact contained fentanyl, resulted in the death of C.N., on or about June 9, 2022.

B. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

The objects of the conspiracy were to be accomplished, in substance, as follows:

//
//

1.   Defendant E. ESTRADA would obtain controlled substances, including cocaine and purported oxycodone pills containing fentanyl, from unknown sources.

2.   Defendants E. ESTRADA, MARQUEZ-RUIZ, and G. MARQUEZ would then provide these controlled substances to a network of drug delivery drivers, including defendant BROWN and other co-conspirators, for further distribution to other distributors or customers.

3.   Defendant BROWN, and other co-conspirators, would provide controlled substances directly to other distributors or customers and collect payment.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants E. ESTRADA, MARQUEZ-RUIZ, G. MARQUEZ, and BROWN, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On May 29, 2019, defendant E. ESTRADA, using coded language in a text message conversation, agreed to sell two "eight balls" of cocaine for approximately $440 to an individual whom he believed to be a customer, but who was in fact a confidential informant working with law enforcement ("CI-1"), and further agreed to dispatch a driver to deliver the cocaine to CI-1 at 2632 Tapo Canyon Road, Simi Valley, California.

Overt Act No. 2:   On May 29, 2019, Co-Conspirator 1, using coded language in a text message conversation, provided his estimated time of arrival to CI-1.

1        Overt Act No. 3:   On May 29, 2019, Co-Conspirator 1, at the
2   behest of and on behalf of defendant E. ESTRADA, arrived at 2632 Tapo
3   Canyon Road, Simi Valley, California, and delivered approximately 7.1
4   grams of cocaine to CI-1 in exchange for approximately $440.
5        Overt Act No. 4:   On October 12, 2019, defendant G. MARQUEZ,
6   using coded language in a text message conversation, advised
7   defendants E. ESTRADA and MARQUEZ-RUIZ about their "inventory update"
8   -- coded language referring to their drug inventory -- which included
9   "3 sealed bricks," "2,900 bagged," and "600g in container."
10       Overt Act No. 5:   On May 31, 2020, defendant MARQUEZ-RUIZ,
11  using coded language in a text message conversation, provided
12  defendant E. ESTRADA a list of drug delivery drivers under their
13  employ, the hours the drivers worked, and the compensation the
14  drivers were owed, for a total of "$16,374 to complete payroll."
15       Overt Act No. 6:   On July 17, 2020, defendant E. ESTRADA,
16  using coded language in a text message conversation, agreed to sell
17  one "eight ball" of cocaine for approximately $320 to an individual
18  whom he believed to be a customer, but who was in fact a confidential
19  informant working with law enforcement ("CI-2"), at 2619 Tapo Canyon
20  Road, Simi Valley, California.
21       Overt Act No. 7:   On July 17, 2020, defendant MARQUEZ-RUIZ,
22  using coded language in a text message conversation, told defendant
23  BROWN that he had the drugs for her deliveries to customers and
24  referenced defendant E. ESTRADA: "I have the stuff ready I'm just
25  waiting for one of Ericks [defendant E. ESTRADA's] car to be washed
26  so I can take it to him," to which defendant BROWN responded, "Okay."
27       Overt Act No. 8:   On July 17, 2020, defendant MARQUEZ-RUIZ,
28  using coded language in a text message conversation, told defendant

BROWN to meet him at one of defendant E. ESTRADA's businesses called "EGN," to which defendant BROWN confirmed that she would.

<u>Overt Act No. 9</u>:   On July 17, 2020, defendant MARQUEZ-RUIZ, using coded language in a text message conversation, informed defendant BROWN about the quantities of drugs that he would provide her for delivery, to which defendant BROWN acknowledged receipt and responded, "Okay."

<u>Overt Act No. 10</u>:   On July 17, 2020, defendant BROWN, using coded language in a text message conversation, provided her estimated time of arrival and instructions on how to enter her car to CI-2.

<u>Overt Act No. 11</u>:   On July 17, 2020, defendant BROWN, at the behest of and on behalf of defendant E. ESTRADA, arrived at 2619 Tapo Canyon Road, Simi Valley, California and provided CI-2 approximately 3.55 grams of cocaine in exchange for approximately $320.

<u>Overt Act No. 12</u>:   On July 17, 2020, defendant MARQUEZ-RUIZ, using coded language in a text message conversation, asked defendant BROWN about her deliveries: "How were your first few drops," to which defendant BROWN responded, "Great!"

<u>Overt Act No. 13</u>:   On July 17, 2020, defendant G. MARQUEZ, using coded language in a text message conversation, directed defendant BROWN to meet him at an address in Woodland Hills, California after she was done with her deliveries: "As soon as you finish your drop head to woodland area please."

<u>Overt Act No. 14</u>:   On July 17, 2020, defendant BROWN met with defendant G. MARQUEZ in defendant G. MARQUEZ's car.

<u>Overt Act No. 15</u>:   On July 31, 2020, defendant E. ESTRADA, using coded language in a text message conversation, agreed to sell

"a ball" of cocaine to CI-2 for approximately $320 at 2619 Tapo Canyon Road, Simi Valley, California.

Overt Act No. 16:   On July 31, 2020, Co-Conspirator 2, using coded language in a text message conversation, provided her estimated time of arrival to CI-2, and told CI-2 that there was a security guard right by the area where CI-2 was waiting for her.

Overt Act No. 17:   On July 31, 2020, Co-Conspirator 2, at the behest of and on behalf of defendant E. ESTRADA, arrived at 2619 Tapo Canyon Road, Simi Valley, California and provided approximately 3.53 grams of cocaine to CI-2 in exchange for approximately $320.

Overt Act No. 18:   On December 9, 2020, defendant E. ESTRADA, using coded language in a text message conversation, agreed to sell one "eight ball" of cocaine for approximately $320 to an individual whom he believed to be a customer, but who was in fact a confidential informant working with law enforcement ("CI-3"), for approximately $320 at 2619 Tapo Canyon Road, Simi Valley, California.

Overt Act No. 19:   On December 9, 2020, Co-Conspirator 3, using coded language in a text message conversation, provided his estimated time of arrival to CI-3.

Overt Act No. 20:   On December 9, 2020, Co-Conspirator 3, at the behest of and on behalf of defendant E. ESTRADA, arrived at 2619 Tapo Canyon Road, Simi Valley, California and provided approximately 3.43 grams of cocaine to CI-3 in exchange for approximately $320.

Overt Act No. 21:   On June 8, 2022, defendant E. ESTRADA sent a text message to Arian Alani instructing Alani to only communicate with defendant E. ESTRADA via text message ("Only text here please") after Alani attempted to call defendant E. ESTRADA to purchase drugs.

<u>Overt Act No. 22</u>:  On June 8, 2022, defendant E. ESTRADA, using coded language in a text message conversation, provided Alani with a list of available drugs for sale and their prices.

<u>Overt Act No. 23</u>:  On June 8, 2022, using coded language in a text message conversation, defendant E. ESTRADA negotiated the price for oxycodone with Alani, who requested 25 pills and stated, "And let's keep doing business after that."

<u>Overt Act No. 24</u>:  On June 8, 2022, defendant E. ESTRADA informed Alani to expect a driver to contact him at the address Alani provided.

<u>Overt Act No. 25</u>:  On June 8, 2022, defendant E. ESTRADA's driver provided to Alani purported oxycodone pills, which contained fentanyl, resulting in the death of C.N. the following day, after Alani re-sold some of the fentanyl-laced pills to C.N.

<u>Overt Act No. 26</u>:  On June 10, 2022, using coded language in a text message conversation, defendant E. ESTRADA told Alani that the purported oxycodone pills defendant E. ESTRADA had sold to Alani were not prescription pills, to which Alani replied, "[m]y boy just died yesterday" -- a reference to C.N. -- and that defendant E. ESTRADA "[s]houldn't be selling shit with fentanyl."

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANT E. ESTRADA]

On or about May 29, 2019, in Ventura County, within the Central District of California, defendant ERICK OVED ESTRADA, also known as ("aka") "E," aka "Franco Sanchez," aka "Farnco Sanchez," aka "Eric Freddy Hook," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS E. ESTRADA, MARQUEZ-RUIZ, G. MARQUEZ, and BROWN]

On or about July 17, 2020, in Ventura County, within the Central District of California, defendants ERICK OVED ESTRADA, also known as ("aka") "E," aka "Franco Sanchez," aka "Farnco Sanchez," aka "Eric Freddy Hook," TOMAS MARQUEZ-RUIZ, aka "El Cafecito," GILBERTO MARQUEZ, aka "Gil," aka "G," and CASEYA CHANEL BROWN, aka "Mom," each aiding and abetting the other, knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANT E. ESTRADA]

On or about July 31, 2020, in Ventura County, within the Central District of California, defendant ERICK OVED ESTRADA, also known as ("aka") "E," aka "Franco Sanchez," aka "Farnco Sanchez," aka "Eric Freddy Hook," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANT E. ESTRADA]

On or about June 8, 2022, in Los Angeles County, within the Central District of California, defendant ERICK OVED ESTRADA, also known as ("aka") "E," aka "Franco Sanchez," aka "Farnco Sanchez," aka "Eric Freddy Hook," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, the use of which resulted in the death of C.N. on or about June 9, 2022.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT ALANI]

On or about June 9, 2022, in Los Angeles County, within the Central District of California, defendant ARIAN ALANI, aka "Ari," knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, the use of which resulted in the death of C.N. on or about June 9, 2022.

COUNTS SEVEN THROUGH EIGHTEEN

[18 U.S.C. § 1957]

[DEFENDANTS E. ESTRADA and Z. ESTRADA]

On or about the following dates, within the Central District of California, and elsewhere, defendants ERICK OVED ESTRADA, also known as ("aka") "E," aka "Franco Sanchez," aka "Farnco Sanchez," aka "Eric Freddy Hook" ("E. ESTRADA"), and ZOILA MICHELLE ESTRADA, aka "Zoila Michelle Marquez" ("ZOILA ESTRADA"), and others known and unknown to the Grand Jury, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in the following monetary transactions in criminally derived property of a value greater than $10,000, which funds in fact were derived from the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(C), as alleged in Counts One through Five of this Indictment:

| COUNT | DEFENDANT | DATE | TRANSACTION |
|---|---|---|---|
| SEVEN | E. ESTRADA | 1/9/2019 | Transfer of $66,986.82 from a Citibank bank account for the business entity NEWZ ending in -2904 (the "NEWZ bank account") to Lamborghini |
| EIGHT | E. ESTRADA | 3/13/2019 | Transfer of $22,000 from NEWZ bank account to EGN |
| NINE | E. ESTRADA | 4/11/2019 | Transfer of $35,000 from NEWZ bank account to EGN |
| TEN | E. ESTRADA | 5/13/2019 | Transfer of $27,500 from NEWZ bank account to Tomas Marquez-Ruiz |
| ELEVEN | ZOILA ESTRADA | 5/14/2019 | Transfer of $20,000 from NEWZ bank account to Land Rover |
| TWELVE | E. ESTRADA | 8/5/2019 | Transfer of $13,650 from NEWZ bank account to Tomas Marquez-Ruiz |

| COUNT | DEFENDANT | DATE | TRANSACTION |
|---|---|---|---|
| THIRTEEN | E. ESTRADA | 8/20/2019 | Transfer of $12,000 from NEWZ bank account to Zoila Michelle Marquez |
| FOURTEEN | E. ESTRADA | 10/15/2019 | Transfer of $12,200 from NEWZ bank account to E. ESTRADA |
| FIFTEEN | E. ESTRADA | 9/19/2019 | Transfer of $175,000 from NEWZ bank account to EGN |
| SIXTEEN | E. ESTRADA | 10/4/2019 | Transfer of $14,000 from NEWZ bank account to Tomas Marquez-Ruiz |
| SEVENTEEN | E. ESTRADA | 10/23/2019 | Transfer of $12,500 from NEWZ bank account to Tomas Marquez-Ruiz |
| EIGHTEEN | E. ESTRADA | 12/30/2019 | Transfer of $26,397.40 from NEWZ bank account to Tesla |

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

   (a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

   (c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offenses set forth in any of Counts Seven through Eighteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

                                      A TRUE BILL

                                      /s/
                                _____
                                Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, & Racketeering
Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, &
Racketeering Section

MIRI SONG
Assistant United States Attorney
International Narcotics, Money
Laundering, & Racketeering Section