1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   MIRI SONG (Cal. Bar No. 291140)
4  Assistant United States Attorney
   International Narcotics, Money
5    Laundering, & Racketeering Section
        1400 United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone: (213) 894-2262
         Facsimile: (213) 894-0142
8        E-mail:   miri.song@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 2:23-564-MWF-1,2,5

14          Plaintiff,                 STIPULATION REGARDING REQUEST FOR
                                       (1) CONTINUANCE OF TRIAL DATE AND
15          v.                         (2) FINDINGS OF EXCLUDABLE TIME
                                       PERIODS PURSUANT TO SPEEDY TRIAL
16  ERICK OVED ESTRADA, ET AL.,        ACT

17    **ERICK OVED ESTRADA (#1),**     **CURRENT TRIAL DATE:   11/12/2024**
                                       **PROPOSED TRIAL DATE:  8/5/2025**
18    **ARIAN ALANI (#2),** and
                                       **CURRENT SC DATE:      10/7/2024**
19    **CASEYA CHANEL BROWN (#5),**    **PROPOSED SC DATE:     6/23/2025**

20          Defendants.

21

22       Plaintiff United States of America, by and through its counsel

23  of record, the United States Attorney for the Central District of

24  California and Assistant United States Attorney MiRi Song, and

25  defendants Erick Oved Estrada (#1) ("E. ESTRADA"), Arian Alani (#2)

26  ("ALANI"), and Caseya Chanel Brown (#5) ("BROWN"), (collectively,

27  "defendants"), both individually and by and through their respective

28  counsel of record, Andy Beltran and Meghan A. Blanco, Deputy Federal

Public Defender Shannon M. Coit, and Robert M. Helfend,
(collectively, the "parties"), hereby stipulate as follows:

1.    The Indictment in this case was filed on November 15, 2023.
Defendants E. ESTRADA, ALANI, Gilberto Marquez (#4) ("MARQUEZ), and
Zoila Estrada (#6) ("Z. ESTRADA") first appeared before a judicial
officer of the court in which the charges in this case were pending
on November 22, 2023.  The Speedy Trial Act, 18 U.S.C. § 3161,
originally required that the trial commence as to defendants E.
ESTRADA, ALANI, MARQUEZ, and Z. ESTRADA on or before January 31,
2024.

2.    Defendant BROWN was a fugitive until she self-surrendered
on December 1, 2023.  The Speedy Trial Act, 18 U.S.C. § 3161,
originally required that the trial commence as to defendant BROWN on
or before February 9, 2024.

3.    Defendant Tomas Marquez-Ruiz (#3) ("MARQUEZ-RUIZ") was a
fugitive until he was apprehended and first appeared before a
judicial officer of the court in which charges in this case were
pending on December 19, 2023.  The Speedy Trial Act, 18 U.S.C.
§ 3161, originally required that the trial commence as to defendant
MARQUEZ-RUIZ on or before February 27, 2024.

4.    On November 22, 2023, the Court set a trial date of January
16, 2024, and a status conference date of December 4, 2023 as to
defendants E. ESTRADA, ALANI, MARQUEZ, and Z. ESTRADA.

5.    On December 1, 2023, the Court set a trial date of January
23, 2024, and a status conference date of December 11, 2023, as to
defendant BROWN.

//

//

2

6.    On December 19, 2023, the Court set a trial date of February 13, 2024, and a status conference date of January 8, 2024, as to defendant MARQUEZ-RUIZ.

7.    Defendants E. ESTRADA, ALANI, and MARQUEZ are currently detained.  Defendants BROWN and Z. ESTRADA were granted bail. Defendant MARQUEZ-RUIZ is under home confinement.  The parties estimate that the trial in this matter will last approximately eighteen days.  All defendants are joined for trial and a severance has not been granted.

8.    By this stipulation, defendants move to continue the trial date to August 5, 2025, and the status conference date to June 23, 2025.  This is the second request for a continuance.

9.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendants are charged with violation(s) of 21 U.S.C. §§ 846, 841(a)(1) (Distribution of Controlled Substances and Conspiracy) and/or 18 U.S.C. § 1957 (Transactional Money Laundering). The government has produced discovery to the defense, including laboratory reports, reports of investigations, photographs, audio and video recordings, transcripts, police reports, and investigative process applications and returns.  The government anticipates providing additional discovery.

b.    Defense counsel for defendant E. ESTRADA provides the following conflicts: (1) United States v. Jesus Hernandez, Case No. 24-cr-4-CAB, trial scheduled and confirmed for October 15, 2024, in the Southern District of California; (2) People v. Bennett, Case No. YA103606, trial in a multi-victim sex abuse case scheduled for trial

3

1   within 10 days of October 14, 2024; (3) <u>United States v. Moustapha</u>,

2   Case No. 2:24-cr-00168-MCS, trial scheduled for December 10, 2024;

3   (4) <u>United States v. Patron Hernandez</u>, 21-CR-1638-WQH, month long

4   federal hostage taking and murder trial starting January 7, 2025 in

5   the Southern District of California.  Accordingly, counsel represent

6   that they will not have the time that they believe is necessary to

7   prepare to try this case on the current trial date.

8         c.   Defense counsel for defendant ALANI provides the

9   following conflicts: (1) <u>United States v. Herrera</u>, case no. 24-cr-

10  00120-MEMF, single defendant and drug distribution case that is set

11  to start February 10, 2025, estimated trial length: one week;

12  (2) <u>United States v. Chavez</u>, case no. 23-cr-00067-MWF, single

13  defendant and felon in possession case that is set to start March 18,

14  2025 and is estimated to last one week; (3) <u>United States v. Navarro,</u>

15  <u>et al.</u>, case no. 23-cr-00461-MCS, multi-defendant and campaign fraud

16  case that is set to start April 22, 2025 and is estimated to last

17  three weeks; (4) <u>United States v. Bowers, et al.</u>, case no. 24-cr-

18  00541-TJH, multi-defendant and robbery of postal workers that is set

19  to start May 6, 2025 and is estimated to last one week; (5) <u>United</u>

20  <u>States v. Guzman</u>, case no. 24-cr-00289-ODW, single defendant and

21  felon in possession case that is set to start May 6, 2025 and is

22  estimated to last two to three days; and (6) <u>United States v. Mangum</u>,

23  case no. 24-cr-00128-HDV, multi-defendant and bank fraud case that is

24  set to start May 7, 2025 (parties are negotiating plea agreement) and

25  is estimated to last four to five days.  Accordingly, counsel

26  represents that she will not have the time that she believes is

27  necessary to prepare to try this case on the current trial date.

28  //

4

d.    Defense counsel for defendant BROWN provides the following conflicts: (1) People v. Jaime Torres, Case No. 2020033595, jury trial to start on October 11, 2024; (2) People v. Christopher Baum, Case No. 2019025082, jury trial currently scheduled for November 4, 2024, but to be moved to December 3, 2024; (3) United States v. Brian Uehara, Case No. 23-cr-00150-DOC, jury trial to start on November 12, 2024; (4) People v. Johnson, Case No. BA485238, jury trial to start on November 18, 2024; and (5) United States v. Cushman, Case No. 24-cr-00093-02, jury trial to start on February 11, 2025.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare and will not be available to try this case on the current trial date.

e.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

g.    The government does not object to the continuance.

h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

1    the attorney for the government or the defense, or failure on the

2    part of the attorney for the Government to obtain available

3    witnesses.

4       10.  For purposes of computing the date under the Speedy Trial

5    Act by which defendants' trial must commence, the parties agree that

6    the time period of November 12, 2024 to August 5, 2025, inclusive,

7    should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

8    (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a

9    continuance granted by the Court at defendants' request, without

10   government objection, on the basis of the Court's finding that: (i)

11   the ends of justice served by the continuance outweigh the best

12   interest of the public and defendants in a speedy trial; (ii) failure

13   to grant the continuance would be likely to make a continuation of

14   the proceeding impossible, or result in a miscarriage of justice; and

15   (iii) failure to grant the continuance would unreasonably deny

16   defendant continuity of counsel and would deny defense counsel the

17   reasonable time necessary for effective preparation, taking into

18   account the exercise of due diligence.

19      11.  The parties agree that, pursuant to 18 U.S.C. § 3161(h)(6),

20   the time period of November 12, 2024/ to August 5, 2025, inclusive,

21   constitutes a reasonable period of delay for defendants MARQUEZ-RUIZ,

22   MARQUEZ, and Z. ESTRADA, who are joined for trial with their co-

23   defendants and as to whom the time for trial has not run and no

24   motion for severance has been granted.

25   //

26   //

27   //

28   //

12.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 29, 2024              Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     _____/s/ MiRi Song_____
                                     MIRI SONG
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

1    I am ERICK OVED ESTRADA's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than August 5, 2025, is an

7  informed and voluntary one.

8  _____    11/8/2024
                                       _____
9  ANDY BELTRAN                        Date
   MEGHAN BLANCO
10 Attorneys for Defendant
   ERICK OVED ESTRADA (#1)

11

12

13    I have read this stipulation and have carefully discussed it

14 with my attorney.  I understand my Speedy Trial rights.  I

15 voluntarily agree to the continuance of the trial date and give up my

16 right to be brought to trial earlier than August 5, 2025.

17 _____    11/8/2024
                                       _____
18 ERICK OVED ESTRADA                  Date
   Defendant

19

20

21

22

23

24

25

26

27

28

1    I am ARIAN ALANI's attorney.  I have carefully discussed every

2 part of this stipulation and the continuance of the trial date with

3 my client. I have fully informed my client of his Speedy Trial

4 rights.  To my knowledge, my client understands those rights and

5 agrees to waive them.  I believe that my client's decision to give up

6 the right to be brought to trial earlier than August 5, 2025, is an

7 informed and voluntary one.

8    /s/ Shannon Coit                         11/04/2024

9    SHANNON D. COIT                          Date
     Deputy Federal Public Defender
10   Attorney for Defendant
     ARIAN ALANI (#2)
11

12

13   I have read this stipulation and have carefully discussed it

14 with my attorney.  I understand my Speedy Trial rights.  I

15 voluntarily agree to the continuance of the trial date and give up my

16 right to be brought to trial earlier than August 5, 2025.

17   _____          11/01/2024
                                        _____
18   ARIAN ALANI                        Date
     Defendant

19

20

21

22

23

24

25

26

27

28

                                  9

1    I am CASEYA CHANEL BROWN's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client. I have fully informed my client of her Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than August 5, 2025, is an

7  informed and voluntary one.

8  _____        _____
                                                    10/31/2024
9  ROBERT M. HELFEND                        Date
   Attorney for Defendant
10 CASEYA CHANEL BROWN (#5)

11

12   I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than August 5, 2025.  I

16 understand that I will be ordered to appear in Courtroom 5A of the

17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18 August 5, 2025, at 8:30 a.m.

19 _____        _____
                                                    11/1/2024
20 CASEYA CHANEL BROWN                      Date
   Defendant

21

22

23

24

25

26

27

28